UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TERRY BURLISON,

                Plaintiff,

v.                                       Case No.  5:05-cv-373-Oc-10GRJ

ALAN KAY, individually and as a United States
Magistrate Judge,

                Defendant.
_____

## **REPORT AND RECOMMENDATION**[1]

Pending before the Court is the Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as motion for leave to proceed *in forma pauperis.* In light of Plaintiff's Motion, the Court has authority under 28 U.S.C. §1915(e)(2) to review the complaint (or in this case "petition for interim award") to determine whether it should be dismissed.[2] The Court has done so in this matter and determines that Plaintiff's "Petition For Interim Award" (Doc. 1) is due to be **DISMISSED with prejudice**.

## **I. Background**

This matter arises out of a lawsuit Plaintiff filed in state court in Marion County, Florida (Case No. 03-1048 CA-K), against United States Magistrate Judge Alan Kay, alleging that Defendant's order of dismissal in <u>Terry A. Burlison v. Secretary of the</u>

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] 28 U.S.C. § 1915(e)(2) provides, in part, that a court "shall dismiss [a] case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Treasury, Paul O'Neill (Case No. 01MS228 (AK) (D.DC)) violated Plaintiff's civil rights, including his rights to due process of law and access to the courts (the "Marion County Case.")  Defendant removed the Marion County Case to this Court. (*See,* Case Number 5:03-cv-306-Oc-10GRJ.)  On February 23, 2004 this Court dismissed Plaintiff's Complaint with prejudice finding that Defendant was entitled to absolute judicial immunity.[3]  In the instant case Plaintiff now claims that he obtained a final judgment against Defendant in the sum of $350,000,000.00 in the Marion County case - before the case was removed - and therefore is entitled to an "interim award of costs."[4]

## II. Discussion

Section 1915(e) provides, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Plaintiff's Petition For Interim Relief (Doc. 1) should be dismissed with prejudice because it is barred by judicial immunity and because it is frivolous with no basis in law or fact.

This Court previously ruled that Defendant was not subject to civil liability for his dismissal of Plaintiff's claims in Terry A. Burlison v. Secretary of the Treasury, Paul O'Neill (Case No. 01MS228 (AK) (D.DC) because Defendant was entitled to absolute

---

[3] See Doc. 26 in Case Number 5:03-cv-306-Oc-10GRJ.

[4] See Doc. 1. Plaintiff requests that the Court "issue an order compelling the government to take all steps required to secure immediate payment of an interim award of $1,640.50 to the plaintiff."

judicial immunity.[5]  Because Plaintiff's Petition arises out of the same case in which Plaintiff's claims previously were dismissed with prejudice, the Plaintiff's claims in this case are barred by res judicata. Defendant is absolutely immune from suit with regard to the claims alleged by Plaintiff and Plaintiff cannot resurrect his dismissed claims against the Defendant by attempting to disguise his claims as a "Petition For Interim Award."

Secondly, Plaintiff's Petition is due to be dismissed as frivolous because it is based on the false assertion that Plaintiff obtained a final judgment against Defendant in the Marion County Case.  The documents upon which Plaintiff relies from the Marion County Case to support his claim that he obtained a final judgment, disclose that while the Clerk apparently incorrectly entered a default against Defendant in the Marion County case,[6] the Marion County case was subsequently removed to this Court and then dismissed with prejudice on the grounds of absolute judicial immunity. The purported Final Judgment, which Plaintiff attached to his Petition, is unsigned and does not bear the signature of any judicial officer, and appears to be simply a form of final judgment that Plaintiff filed in the court file in the Marion County Case. Accordingly, the "final judgment" upon which Plaintiff bases his claim in this case is not valid and is of no force or effect.[7] Thus, separate from the fact that this Court previously dismissed Plaintiff's claims, Plaintiff's Petition For Interim Award also should be dismissed because it is frivolous and devoid of any basis in law or fact.

---

[5] See Doc. 26 in Case Number 5:03-cv-306-Oc-10GRJ.

[6]  See Doc. 1, Exhibit A.

[7] See id.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that: (1) Plaintiff's Motion For Leave To Proceed In Forma Pauperis (Doc. 2) be **DENIED**, (2) Plaintiff's Petition For Interim Award (Doc. 1) be **DISMISSED with prejudice**, and (3) the Clerk be directed to close the file.

**IN CHAMBERS** in Ocala, Florida, on November 18, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    Pro Se Plaintiff
    Counsel for Defendant (Zimmerman)